---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

_____

**BAY UNITED HOLDINGS, LLC,**

Appellant,

vs.

**INXS VII, LLC,**

Appellee.

_____

Appealed from the United States District Court
for the Middle District of Florida
District Court Case No. 8:23-cv-02370-KKM
Bankruptcy – Secondary case No. 8:19-bk-08036-CPM

_____

### *APPELLANT'S CORRECTED OPENING BRIEF*

_____

Jawdet I. Rubaii, Esq.
Jawdet I. Rubaii, P.A.
1358 S. Missouri Avenue
Clearwater, FL 33756
(727) 442-3800
FBN – 276601
*Attorney for Appellant*

APPEAL CASE NO. 25-10331-B

_____

BAY UNITED HOLDINGS, LLC,

Appellant,

vs.

INXS VII, LLC,

Appellee.

_____

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP)

COMES NOW the Appellants, by and through undersigned counsel, and hereby file Appellants' Certificate of Interested Persons and Corporate Disclosure Statement, as follows:

1)      The following is Appellant's list of trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal:

**Bay United Holdings, LLC (Appellant, Monier Rahall, Manager of Bay United Holdings, LLC)**

**Catherine Peek McEwen, United States Bankruptcy Judge**

**Gibbons|Neuman**

**Jamie Rand (probably owns 100% of INXS VII, LLC (Appellee)**

**Jawdet I. Rubaii, Esq.**

**Jawdet I. Rubaii, PA**

**Kathryn Kimball Mizelle, United States District Judge**

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant requests oral argument. There is no definitive case law that supports this Summary Judgment and oral argument may help the Court in deciding the correct position to be taken with respect to secured Proofs of Claim in a Chapter 7 where a purchaser of the property objects to payment of mortgages that the debtor has confirmed are valid mortgages and debts.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT (CIP) ........................C-1, C-2

STATEMENT REGARDING ORAL ARGUMENT.................................................i

TABLE OF CONTENTS.............................................................................ii

TABLE OF CITATIONS ..........................................................................iii

JURISDICTIONAL STATEMENT..............................................................iv

STATEMENT OF THE ISSUES................................................................ 1

STATEMENT OF THE CASE .................................................................. 1

SUMMARY OF ARGUMENT ................................................................. 2

ARGUMENT ..................................................................................... 9

I.      THE FLORIDA AND FEDERAL CASE LAW DOES
        NOT SUPPORT THE GRANT OF SUMMARY JUDGMENT
        FOR APPELLEE ON APPELLANT'S CLAIMS............................................ 9

II.     FLORIDA FORECLOSURE "STANDING" CASE LAW
        NOT APPLICABLE TO INVALIDATE DULY-RECORDED
        MORTGAGE (SECURED CLAIMS 100, 101 AND 102) ......................... 12

III.    FEDERAL CASE LAW DOES NOT SUPPORT SUMMARY
        JUDGMENT ...................................................................................... 15

IV.     APPELLANT MET THE CUT-OFF DEADLINE  AND
        TIMELY FILED CLAIMS ................................................................. 17

V.      THE APPELLANT'S CLAIMS HAD *PRIMA FACIE* VALIDITY ............. 20

VI.     THE DISTRICT COURT OPINION AFFIRMING
        THE BANKRUPTCY COURT WAS IN ERROR ....................................... 22

# TABLE OF CITATIONS

**Cases**                                                                    **Page(s)**

*Forty One Yellow, LLC v. Escalona,*
*305 So.3d 782, 786 (Fla. 2d DCA 2020)* ............................................................... 6, 12

*In re International Horizons, Inc. v. International Horizons, Inc.,*
*751 F.2d 1213 (11th Cir. 1985)* ................................................................................ 16

*Mazine v. M & I Bank,*
*67 So.3d 1129, 1131 (Fla. 1st DCA 2011)* ............................................................... 6, 12

*Sorrell v. U.S. Bank Nat'l Ass'n.,*
*198 So.3d 845, 847 (Fla. 2d DCA 2016)* ............................................................... 6, 12

*In Re: Taylor,*
*363 B.R. 303 (Bankr. M.D. Fla., March 5, 2007)* ........................................... 9, 15, 18

*In re: Thornburg,*
*596 B.R. 766 (Bankr. M.D. Fla., December 20, 2018)* ....................................... 15, 20

## OTHER AUTHORITIES

Bankr. Rule 3001(f) ............................................................................... 3, 16, 18, 21

11 U.S.C. § 502(a) ....................................................................................... 22

11 U.S.C. § 502(b)(1) ............................................................................. 2, 22, 23

# JURISDICTIONAL STATEMENT

The basis for the Eleventh Circuit jurisdiction is 28 U.S.C. § 158(d). The U.S. District Court judgment affirmed the Summary Judgment disallowing Claims 100, 101 & 102 of BAY UNITED HOLDINGS, LLC which is a final judgment. The Summary Judgement by the Bankruptcy Court was timely appealed to the U.S. District Court, Case No. 8:23-cv-02370-KKM, which rendered its Opinion on 01/06/25 (App. 178) and its Final Judgment on 01/06/25 [App. 8] which was timely appealed to the Eleventh Circuit Court of Appeal. (The Summary Judgment disposed of all claims by BAY UNITED HOLDINGS, LLC as to each Proof of Claim each reflecting a duly recorded mortgage on each property.)

## STATEMENT OF THE ISSUES

Did the Bankruptcy Court and the District Court affirming the Bankruptcy Court err in granting Summary Judgment for purchaser/Appellee, INXS VII, LLC, on the Appellant's Proofs of Claim for three valid mortgages that were timely filed and attached confirmed written mortgages and payoff information.

## STATEMENT OF THE CASE

This appeal is from a Summary Judgment disallowing the Appellant's three Proofs of Claim for three mortgages duly-recorded and admitted to be owed by the Debtor. The mortgages were on three homes and were unpaid. The Proofs of Claim were assigned to Bay United Holdings, LLC, the Appellant. The purchaser/Appellee objected to the three claims and moved for Summary Judgment, claiming that under Florida case law for foreclosures, the named claimant, Cloud 9 Properties, LLC, did not have an enforceable claim because it could not establish that on the date the three Proofs of Claim were filed on 04/28/21, that it had the mortgages assigned in its name.

The District Court reviewed the Summary Judgment *de novo*. This Court also must review the Summary Judgment *de novo*. The District Court entered an Opinion without oral argument and affirmed the Bankruptcy Court and accepted the argument that the Proofs of Claim were not enforceable on 04/28/21 and, therefore, had to be disallowed entirely under Florida foreclosure cases.

The Appellant, Bay United Holdings, LLC, presented affidavits showing that the debt and mortgages were not in dispute by the Debtor as to each of the mortgages. Also, the affidavit of Gregory Richards [App. 104] was filed, showing that the signor of the Proofs of Claim was Joseph Quinn Mitchell who had authority in all respects for his Mother, Margaret Mitchell, under Power of Attorney and her Estate as Personal Representative and his father's Estate, Bob Mitchell, and he was President of Bob Mitchell & Associates, Inc. and also Trustee for the Trust and the Manager for Cloud 9 Properties, LLC.

The Appellant has appealed and asserts that taking the facts in the light most favorable to the Appellant, the non-moving party, that the Proofs of Claim were not subject to being disallowed under Florida law and that the disallowance is a windfall for the purchaser/Appellee, and a forfeiture for the Appellant; neither of which is sanctioned by Florida law and cases, nor Bankruptcy law and cases.

## SUMMARY OF ARGUMENT

The subject (3) mortgages were all valid and existing on the following three (3) real properties (see Claim 100, 101 and 102) by Cloud 9 Properties, LLC, Joseph Quinn Mitchell (manager) [App. 145, 156, 167] and attachments and later supplied documents. (See Motion for Summary Judgment) [App. 10]. Under 11 U.S.C. § 502(b)(1), the claims for the mortgages were clearly not unenforceable and had to be allowed.

There is no question as to the mortgages' validity and their existence and that they represented a *bona fide* secured debt (mortgage) on each property, duly recorded and confirmed secured debt by the Debtor, Aegis Asset Management, LLC. The 3 mortgages each specifically recite they are binding on successors, assigns, etc. This fact was not mentioned by the Court, nor is the language of the specific Official Form 410 which was completely filled out by Joseph Quinn Mitchell (Cloud 9 Properties, LLC) and the mortgages attached on each Proof of Claim with the amount due as to each Proof of Claim. These Proofs of Claim were *prima facie* evidence under Bankr. Rule 3001(f).

Mr. Rand/INXS VII, LLC, however, filed objections to the secured claims/mortgages (100, 101 and 102) even though no bankruptcy case law or Florida case law supported disallowance of the secured claims/mortgages duly recorded. A Motion for Summary Judgment [App. 10] was filed by Appellee, INXS VII, LLC, with the novel unsupported argument, all 3 mortgages 100, 101 and 102 should be disallowed entirely, due to Florida foreclosure "standing" cases[1] which never invalidate a mortgage on property.

In the present case, the objection to the (3) lien/mortgages of Cloud 9 Properties, LLC (now transferred to Bay United Holdings, LLC) which were each

---

[1] Florida courts require a note to be held by the Plaintiff filing the mortgage foreclosure at the time of filing, but any dismissal for standing is without prejudice and does not affect the mortgage debt or lien on the real property in any respect.

clearly valid, was based solely on case law in the state court that relates <u>only</u> to mortgage foreclosure actions and what entity has "standing" to file such a foreclosure action (not the validity of the underlying mortgages/notes or debts). None of the Florida Appellate cases cited invalidate mortgage liens or a mortgage debt, nor support forfeiture of a *bona fide* duly-recorded mortgage. No bankruptcy case or federal case law supports complete disallowance of the duly-recorded mortgages and proofs of claim 100, 101 and 102, filed before the deadline of April 28, 2021. [App. 145, 156, 167] with the mortgages attached to each and the amount owed for each mortgage.

However, the Appellee, INXS VII, LLC's objections to Cloud 9 Properties, LLC's (now Bay United Holdings, LLC's) Secured Claims 100, 101 and 102 have nothing to do with the <u>underlying validity of the (3) mortgage lien(s)</u> (secured lien) that is on the subject three (3) properties. None of the State Court Appellate foreclosure cases cited by the Appellee INXS, VII, LLC in its Motion for Summary Judgment [App. 10] filed 07/19/23 address or rule on the validity of the "underlying mortgage" and these Florida standing cases are <u>not</u> precedent to disallow a *bona fide* "secured claim" in a Bankruptcy Chapter 7 proceeding.

The duly-recorded secured mortgages cannot be completely disallowed and forfeited and Appellee, INXS VII, LLC (Rand), receive the "windfall" of no payments on each valid secured mortgage on the three (3) properties free and clear.

The Appellant, Bay United Holdings, LLC has legal rights to be paid as mortgages for the three (3) valid mortgages on each home transferred from Cloud 9 Properties, LLC, secured claims 100, 102 and 103) to Bay United Holdings, LLC. The Order Granting Summary Judgment [App. 138] disallowing the three (3) claims (100, 101 and 102) is unprecedented, and does not have bankruptcy or appellate case law supporting the disallowance of the three mortgages or standing for the purchaser to disallow a valid mortgage. No such appellate Bankruptcy Case allowing complete disallowance of a secured claim can be located with a timely official Proof of Claim form (Form 410) filed by claimant. Also, Appellee, INXS VII, LLC, is a purchaser who must pay a valid mortgage on the property(ies) purchased.

The three (3) Proofs of Claim (100, 101 and 102) were timely filed April 28, 2021 by Joseph Quinn Mitchell for the three (3) mortgages are valid and existing and duly recorded. [App. 145, 156, 167] There is no dispute over the validity of the three mortgages on the three (3) properties or that the monies were loaned and were not paid back and the secured claims 100, 101 and 102 are valid and *bona fide*. The attached recorded mortgages were attached to the three official claims:

**Claim 100**: 1901 West Sligh Avenue, Tampa, FL
**$90,345.43** (mortgage attached)

**Claim 101**:    1127 Sycamore Street, Lakeland, FL
**$16,444.80** (mortgage attached)

**Claim 102**:    6807 East North Bay Street, Tampa, FL
**$42,572.26** (mortgage attached)

5

The Appellee, INXS VII, LLC, filed its 07/19/23 Motion for Summary Judgment [App. 10] which argued that under Florida law, the official proofs of claim in Bankruptcy Court could not be enforced and cited Florida "foreclosure" cases on standing: ***Forty One Yellow, LLC v. Escalona, 305 So.3d 782, 786 (Fla. 2d DCA 2020)***; ***Mazine v. M & I Bank, 67 So.3d 1129, 1131 (Fla. 1st DCA 2011)*** and ***Sorrell v. U.S. Bank Nat'l Ass'n., 198 So.3d 845, 847 (Fla. 2d DCA 2016)*** for the basis for INXS VII, LLC's position, which position is not supported by the case law on state court foreclosure proceedings "standing" (not invalidation!).

These "standing cases" in Florida state court only have to do with whether or not a <u>foreclosure</u> can be continued (or filed) by a plaintiff/foreclosing entity that does not hold the note at the time of filing the foreclosure Complaint. They do not involve, address or rule whether there is a valid mortgage or valid lien on the subject property or disallowance of a valid mortgage lien or proof of claim as to a recorded mortgage. The three (3) properties which had the mortgages: Claim 100, 101 and 102 by Cloud 9 Properties, LLC [App. 145, 156, 167] all had valid, duly-recorded mortgages (mortgage debt) which were attached to each claim and were confirmed by duly-recorded written recorded mortgages, documents and affidavits and documents. (Joseph Quinn Mitchell was the representative (manager/member) for Cloud 9 Properties, LLC, and also the Personal Representative for the Margaret Mitchell Estate, his mother, and he had the Durable Power of Attorney for Margaret Mitchell,

his mother, and he was the Personal Representative for Margaret Mitchell and President of Bob Mitchell Associates, Inc. and for his father's Estate and also Joseph Quinn Mitchell was Trustee.)

There were "no duplicate" secured claims made nor any other additional claim made with respect to these (3) mortgages. The three (3)mortgages were on the following three pieces of property: Claim 100: 1901 W. Sligh Avenue, Tampa, FL; Claim 101: 1127 Sycamore St., Lakeland, FL, and Claim 102: 6807 East North Bay St., Tampa, FL. Each mortgage is duly recorded. Cloud 9 Properties, LLC's Proof of Claim for each one, 100, 101 and 102. The official Proofs of Claim (Official Form 410) are to assert a valid secured mortgage on each property, not to initiate a foreclosure action in state court. The secured debt must be paid as a valid, duly-recorded lien/mortgage on the official Proofs of Claim 100, 101 and 102 and the supporting documents including mortgages duly recorded. The purchaser of INXS VII, LLC and the obligation to pay the secured claims on each property.

The affidavit of Estate Attorney Gregory Richards [App. 104] for the Margaret Mitchell Trust, etc., clearly explains the details of how and why the subject three (3) mortgages and notes were placed into Cloud 9 Properties, LLC on March 14, 2023 involving the death of the mother, Margaret J. Mitchell, and her son, Joseph Quinn Mitchell, who had both the Durable Power of Attorney for his mother, Margaret Mitchell, and was also Personal Representative for the Estate of Margaret Mitchell

(his mother) and his father, Bob Mitchell, who predeceased Margaret Mitchell. Joseph Quinn Mitchell was also President of Bob Mitchell & Associates, Inc. (Joseph Quinn Mitchell clearly had full authority and did file valid Proofs of Claim for each mortgage due and owing. He had full authority as Trustee, Durable Power of Attorney, member/manager of Cloud 9 Properties, LLC and Personal Representative for the Estate of Margaret Mitchell, his mother and for his father, Bob Mitchell and President of Bob Mitchell and Associates, Inc.)

The Affidavit of Caruso Ivan [App. 136] who was the representative for Aegis Asset Management, LLC (Debtor) confirmed the validity of the (3) mortgages and the debts.

The "Order" Summary Judgment for INXS VII, LLC [App. 138] misstates the "docket numbers" for the Attorney Gregory Richards' affidavit [App. 104] and Caruso Ivan's affidavit [App. 136]. The correct docket numbers are 722 and 723, not [772 and 773]. (Clearly a typographical or scrivener's error, placing a 7 instead of a 2 in the middle of the numbers.) The Order Granting Summary Judgment [App. 138] disallowed all of the Secured Claims 100, 101 and 102, but recites no case law which supports the conclusion of a complete forfeiture of the three valid recorded mortgages and debts for a purchaser (Appellee) who should have to pay all mortgages on the properties. The affidavits all established valid mortgage debts and liens on each property which were owed as set forth. There was no lawful basis or

precedent for disallowance of the three secured mortgages duly-recorded and verified. (Claims 100, 101 and 102).

Moreover, servicers of a mortgage often provide payoff statements and file Proofs of Claim and accept payment. (Joseph Quinn Mitchell had every right to designate Cloud 9 Properties, LLC as the servicer for the mortgages that were duly-recorded which were valid and duly-filed and a valid lien that had to be paid by Appellee, INXS VII, LLC.)

## ARGUMENT

### I. THE FLORIDA AND FEDERAL CASE LAW DOES NOT SUPPORT THE GRANT OF SUMMARY JUDGMENT FOR APPELLEE ON APPELLANT'S CLAIMS

The Florida foreclosure appellate cases and the very limited bankruptcy case law cited by the Appellee, INXS VII clearly is not discussed or examined in any detail in the INXS VII, LLC Motion for Summary Judgment filed 07/19/23. [App. 10], nor in the Court Order [App. 138]. There are no bankruptcy cases invalidating or disallowing a duly recorded mortgage (secured lien) official proof of claims filed timely. For example, the case by Judge Jennemann, ***In Re: Taylor, 363 B.R. 303 (Bankr. M.D. Fla., March 5, 2007)*** and the Eleventh Circuit's cases all support the proposition that where a validity of the debt or secured claim is not in question in terms of its existence and amount owed, that it cannot and should not be disallowed. Here, the Bankruptcy Court had a Chapter 7 bankruptcy (Aegis Asset Management,

LLC) where a purchaser (INXS VII, LLC/Jamie Rand of 68 properties) had agreed to pay the secured mortgage claims on the subject (3) properties, he was purchasing. The objections to secured claims 100, 101 and 102 [App. 145, 156, 167] by Appellee, INXS VII, LLC (purchaser), were unfounded because the three (3) mortgages were all duly recorded and valid and a legitimate claims in the name of Cloud 9 Properties, LLC and then valid assignment to Bay United Holdings, LLC (Appellant). [App. 145, 156, 167]

The mortgages held and owned by Cloud 9 Properties, LLC (Margaret Mitchell and her son, Joseph Quinn Mitchell, who was effectively "chief cook and bottle washer" for everything; Power of Attorney for Margaret Mitchell, Trustee, Personal Representative for Estate of Mother Margaret Mitchell and his Father, Bob Mitchell, and manager and member of Cloud 9 Properties, LLC and President of Bob Mitchell & Associates, Inc.) were all clearly owed and were three (3) legitimate mortgages on the three (3) properties. They were well known by the purchaser Jamie Rand (INXS VII) as valid secured debts that had to be paid and there was no question as to their validity and their amounts due and owing and payoffs were sent to INXS VII, LLC. Joseph Quinn Mitchell followed the Official Form 410 and provided attachments on the three (3) Proofs of Claim [App. 145, 156, 167] and provided support as required and the respective payoffs for each. These were valid, undisputed mortgage debts on each property.

The goal of the Appellee, INXS VII, LLC's "objections" is to try to obtain these three (3) properties <u>without paying any of the mortgages</u> on the (3) properties that had to be paid as part of the agreement to purchase the 68 properties INXS VII, LLC obtained. (The attorney for INXS VII, LLC seized on a "technicality" to declare the three (3) secured claims invalid and allow a windfall to occur for INXS VII with no legitimate basis to do so.) There is no bankruptcy case law to support the complete disallowance of a duly-recorded mortgage debt with Proofs of Claim [App. 145, 156, 167] filed before the bar date in a Chapter 7 bankruptcy of Aegis Asset Management, LLC. (INXS VII novel argument to create a windfall is not supported by an Bankruptcy law, and is contrary to equity and the Bankruptcy law. Also, any servicer can act with authority to collect funds. Joseph Quinn Mitchell could use Cloud 9 Properties, LLC to collect payment on the payoff or payments and to file a Proof of Claim in Bankruptcy Court.

It was thought by Joseph Quinn Mitchell that all three (3) properties' mortgages had already been transferred to Cloud 9 Properties, LLC on April 28, 2021 as explained in the Gregory Richards' affidavit [App. 104], but regardless, Joseph Quinn Mitchell is entitled to use any entity to collect payoff of the mortgage debt or file a Proof of Claim as servicer. In fact, they were not completely transferred until March 14, 2023, but the (3) mortgages are valid, existing and owed, and no other duplicate Proof of Claim was filed and the matter was entirely between the

family planning entities and the Estate of Margaret Mitchell and her son, Joseph Quinn Mitchell. (The signor of the Proofs of Claim, Joseph Quinn Mitchell, had Durable Power of Attorney for Margaret Mitchell, his mother, and was Personal Representative for her Estate and also Trustee for the Trust and Personal Representative for his father, Bob Mitchell's Estate, his father and member/manager for Cloud 9 Properties, LLC and President of Bob Mitchell & Associates, Inc. Joseph Quinn Mitchell clearly had <u>full authority</u> to make the claim for payment of the secured mortgages (100, 101 and 102) on the three pieces of property which mortgages were duly recorded and confirmed by the Debtor's representative, Caruso Ivan, as owed.)

## II.  FLORIDA FORECLOSURE "STANDING" CASE LAW NOT APPLICABLE TO INVALIDATE DULY-RECORDED MORTGAGE (SECURED CLAIMS 100, 101 AND 102)

The sole basis for the INXS VII, LLC's Motion for Summary Judgment, 07/19/23 [App. 10] is based on citing Florida case law ***Forty One Yellow, LLC v.*** ***Escalona, 305 So.3d 782, 786 (Fla. 2d DCA 2020)***; ***Mazine v. M & I Bank, 67*** ***So.3d 1129, 1131 (Fla. 1st DCA 2011)*** and ***Sorrell v. U.S. Bank Nat'l Ass'n., 198*** ***So.3d 845, 847 (Fla. 2d DCA 2016)***, that only relates to the filing of a "foreclosure action" by a bank or servicer and "standing" of a Plaintiff to foreclose (no validity). Under Florida law, a State foreclosure action must be filed by the party who has

possession of the note at the time of filing of the foreclosure but this can be organized and planned before filing a foreclosure in state court.

This is to prevent duplicate foreclosures foreclosing the borrower's interest on the same mortgage and note for the same property by another party holding the note. Those foreclosure decisions (cases) have nothing to do with the validity of the mortgage on the existing real property or whether a mortgage debt is owed and *bona fide*. (Here, INXS VII had to pay because the three (3) mortgages were valid and owed and Claims 100, 101 and 102 [App. 145, 156, 167] timely filed on and supporting documents/mortgages provided by Cloud 9 Properties, LLC). The Florida foreclosure appellate cases on "standing" cited by Appellee, INXS VII, LLC, in the Summary Judgment, *supra*, of 07/19/23. [App. 10] have nothing to do the validity of the three (3) mortgages and mortgage debt on the three (3) properties (the Debtor's properties), Claims 100, 101 and 102 or the validity of the  Proof of Claims filed. That case law is not a basis to invalidate a mortgage - - or proof of claim for a secured debt/mortgage.

The objection to the <u>Proof of Claim</u> (Claims 100, 101 and 102)  by INXS VII, LLC on a mortgage has to do with the validity of the three (3) mortgages or lack of clear proof that the debt is owed on each mortgage. In this case, there was undeniable proof the mortgage debt was owed and valid on each of the three (3) properties duly recorded under each mortgage. There was timely filing of the Proofs of Claim, April

13

28, 2021 (100, 101, 102) [App. 145, 156, 167], before the deadline in the Chapter 7, and at the time that the INXS VII, LLC Summary Judgment was filed on 07/19/23[2] [App. 10], the mortgages and note were all clearly with Cloud 9 Properties, LLC and had been transferred thereafter to Appellant "Bay United" with ample notice in the record. [App. 145, 156, 167]

The complete disallowance of the three (3) valid Proofs of Claim (100, 101 and 102) for valid mortgages on three (3) real properties, was not only a windfall to INXS VII, LLC (which windfall was undeserved), but was contrary to the law that full payment is made on secured mortgage claims (Claims 100, 101 and 102) for the three (3) subject real properties and the three (3) secured mortgages [App. 145, 156, 167] to Cloud 9 (now transferred to Bay United Holdings, LLC) were clearly valid and existing on each of subject three properties and had to be paid by INXS VII, LLC in full as the purchaser of the 68 properties, who had to pay all secured creditors.

The mortgage duly-recorded could be enforced, but a valid Proof of Claim only requires the mortgage to be attached and the Proof of Claim to set out the amount owed and the mortgage which was not in dispute. The District Court and the Bankruptcy Court wanted to limit Cloud 9 Properties, LLC from making the claim,

---

[2] However, it is clear no such requirement for a transfer existed. Joseph Quinn Mitchell had the authority to designate Cloud 9 Properties, LLC as the servicer and filer of the claim and to collect payment. Servicers make claims for a valid mortgage all of the time without specifically having transfer documents or holding the note. This was not a foreclosure action in state court, and the use of those cases was completely improper and error which requires reversal.

despite the fact the Proof of Claim and mortgages were attached with the amount owed, and those were not disputed by the Debtor. They were clearly enforceable.

### III.    FEDERAL CASE LAW DOES NOT SUPPORT SUMMARY JUDGMENT

The Motion for Summary Judgment [App. 10] cited as its basis in bankruptcy law for the granting of the disallowance of the claims, the case of ***In Re: Taylor, 363 B.R. 303 (Bankr. M.D. Fla., March 5, 2007)*** and ***In re: Thornburg, 596 B.R. 766 (Bankr. M.D. Fla., December 20, 2018)*** on creditor claims contested by the <u>Debtor</u> (not a purchaser). These are both Judge Jennemann opinions on Chapter 13. Neither case has anything to do with the present situation a Chapter 7, secured claim paid by the purchaser. Both cases involve setting a claim for trial that was contested by the "Debtor" who disputed the debt itself. There was ample time for claimants (creditors) to produce evidence before the trial in ***Thornburg***, but the secured lien for an equity line was well-established for $50,000.00. In ***In re Taylor***, *supra*, the question concerned B-line <u>unsecured accounts</u> that were not substantiated at all in writing, and the Debtor's denial of debt on those accounts. In ***In re Thornburg***, *supra,* the Debtor acknowledged a $50,000.00 debt on an equity loan but denied the other charges that were added by another party (lender) who had taken over the equity loan, (previously with Chase) and had no proof of actual advancements by Chase, prior to taking over the equity line. Both cases involved trials on a proof of claim where the Debtor said

no debt was owed and there was no substantiating writings. None of them involved the complete disallowance of a <u>secured claim</u> based on invalidation of the entire Proof of Claim and underlying duly-recorded mortgages and <u>confirmed secured debt by the Debtor</u>. Neither of these cases are applicable to the present appeal or disallowance of the three (3) secured claims in their entirety. The Proofs of Claim on Official Form 410 were clear, as were the supporting documents/recorded mortgages.

The Federal case law and bankruptcy case law clearly establish latitude for the supporting of a claim, especially when the record mortgage, note and debt is the subject of the claim which is timely filed. See ***In re International Horizons, Inc. v. International Horizons, Inc., 751 F.2d 1213 (11th Cir. 1985)***:

> It is well accepted that the bankruptcy court is guided by the principles of equity, and that the court will act to assure that "fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done." *Pepper v. Litton,* 308 U.S. 295, 305, 60 S.Ct. 238, 244, 841 L.Ed. 281 (1939)

<u>In re International Horizons, Inc</u>. at 1216.

The three claims (supported by verified liens/mortgages) were for three properties that were specifically identified and the mortgage duly recorded. The amount and secured debt was not in dispute by the Debtor, Aegis Asset Management, LLC. No other party was claiming ownership of the three mortgages, nor making a Proof of Claim, and the Debtor acknowledged the secured debt. A *prima facie* case under Bankr. Rule 3001(f) was made. The entire disallowance was based on a

"technical" argument that Cloud 9 Properties, LLC did not own the mortgages on the date the claim was filed 04/28/21, and this was addressed by Joseph Quinn Mitchell. (See Gregory Richard's affidavit.) But the ample support was provided before the Summary Judgment filing on 07/19/23. [App. 10] The INXS VII, LLC Motion for Summary Judgment [App. 10] was a "Hail Mary" to escape undisputed secured debt, INXS VII, LLC (purchaser) had agreed to pay and now does not want to, but owes.

## IV.    APPELLANT MET THE CUT-OFF DEADLINE AND TIMELY FILED CLAIMS

The Cloud 9 Properties, LLC's claims were timely made <u>April 28, 2021</u> (Claims 100, 101 and 102) by the cut-off deadline in Aegis Asset Management, LLC Bankruptcy (Chapter 7) by Cloud 9 Properties, LLC for the (3) subject mortgages. [App. 145, 156, 167] There was no cut-off deadline made with respect to the completion of all paperwork <u>internally</u> (by Joseph Quinn Mitchell who wore "all hats") nor any prohibition on actions taken by Cloud 9 Properties, LLC, Margaret Mitchell's Estate, and President Bob Mitchell & Associates, Inc., Joseph Mitchell (son) was handling all of these as Personal Representative and Trustee and had Durable Power of Attorney for Margaret Mitchell (his mom) to Joseph Mitchell and was President of Bob Mitchell & Associates and the Proofs of Claim for 100, 101 and 102 were duly authorized and fully supported by recorded mortgages which were secured of record and owed. Appellee, INXS VII, LLC had no legitimate excuse <u>not</u>

to pay the secured debt due to "Cloud 9" on the three (3) properties, but instead looked for excuses not to pay the *bona fide* secured mortgages on each property.

An analysis of the case law will show that the Summary Judgment Order [App. 138] disallowing all three (3) claims mortgages should not have been granted. No bankruptcy case law supports the entire disallowance of a legitimate and secured mortgage proof of claim filed by the bar date in a Chapter 7. The Florida case law and bankruptcy cases cited by INXS VII, LLC <u>does not apply</u> to the validity of mortgages, nor preclude a mortgagee from collecting on a secured debt or claiming a valid lien. It does not allow for the invalidation (forfeiture) of the underlying duly-recorded mortgage and note because an alleged technical error in the Proof of Claim (Official Form 410) representing a valid mortgage(s) and debt with attached supporting mortgages. [App. 145, 156, 167] Appellant contends a servicer with authority can always file a Proof of Claim supported by a written recorded mortgage and set forth the debt. Under Bankr. Rule 3001(f), this is *prima facie* evidence. (There is no requirement that any technical holding of documents is required as it would be in a state court foreclosure action for standing.)

Also, the bankruptcy case cited by the Appellee, INXS VII, in the lower court of ***In Re: Taylor, 363 B.R. 303 (Bankr. M.D. Fla., March 5, 2007)*** a Chapter 13 does not support its position. In that case, the Debtor was claiming that an unsecured debt was not owed by a Proof of Claim that it had personal involvement in, and there

was no support of the unsecured debt. It did <u>not</u> involve three *bona fide* written secured mortgage(s) on three (3) separate properties, nor confirming mortgages or notes all duly executed and of record and binding on all their assigns and successors.

The case law, when read, does <u>not</u> support the Summary Judgment that was granted for INXS VII, and to the contrary, requires that it be reversed. A legitimate, *bona fide,* secured three (3) mortgages on three (3) pieces of real property cannot be completely invalidated on a "technicality" that does not even apply to the claim validity of the duly-recorded mortgages and mortgage debt for the three (3) separate mortgages (proof of claims 100, 101 and 102). The question of whether a <u>mortgage</u> debt existed on the three (3) properties that INXS VII had to pay is not a legitimate question - - it did. Everyone has confirmed the existence of the three (3) mortgages (Claims 100, 101 and 102) and the debt and their validity and Cloud 9 Properties, LLC holds the claims as confirmed by Joseph Quinn Mitchell and Attorney Gregory Richards, Trust and Estate Attorney and Caruso Ivan, Debtor/Representative with Aegis Asset Management, LLC not in dispute. (The timing of completion of Joseph Quinn Mitchell, who was the Personal Representative of Margaret Mitchell Estate and Bob Mitchell Estate, Durable Power of Attorney for Margaret Mitchell, and management for the Cloud 9 Properties, LLC and Trustee of the family trust and President of Bob Mitchell & Associates, Inc.)

There is no case law that supports completely invalidating three (3) valid mortgages on the three (3) Proofs of Claim in a Chapter 7 because of a delay in processing the underlying representative, especially when it was <u>all controlled</u> by the sole person (Joseph Quinn Mitchell) who signed the Proof of Claim (Joseph Quinn Mitchell for Cloud 9 Properties, LLC) and controlled Cloud 9 and the estate and the claims of Margaret Mitchell (Durable Power of Attorney for Margaret Mitchell which was Joseph Quinn Mitchell and Personal Representative for his mother, Margaret Mitchell's Estate and his father, Bob Mitchell's Estate and Trustee of the Trust) as confirmed by Gregory Richards, the attorney, in his affidavit. [App. 104]

## V.  THE APPELLANT'S CLAIMS HAD *PRIMA FACIE* VALIDITY

The Appellee, in its motion below, cited the case of ***In re: Thornburg, 596 B.R. 766 (Bankr. M.D. Fla., December 20, 2018).*** However, that case did not involve a dispute over invalidation of the equity loan because the debtor agreed $50,000.00 was owed on the equity loan. The dispute was over additional advances that were claimed on the equitable loan that could not be substantiated because the new creditor had taken over the equity loan did not have any witness or person to verify what the charges were and the charges that were made by Chase Bank that had the equity line of credit. Once again, this was a trial where the creditor did not  prove or show with documents and establish the additional advances that were claimed to be owed (but disputed by the debtor) over the $50,000.00 the court allowed.

The present case involves the filing of a Proof of Claim Official Form 410, completely filled out with a mortgage proof of claim attachment to each Proof of Claim, and the requirements for a *prima facie* case were met in Claims 100, 101 and 102. The filing of the official form with the attachments constitutes *prima facie* evidence of the validity and the amount of the claim. There was no question that *prima facie* evidence was presented for secured claims 100, 101 and 102 and supporting documentation. Bankr. Rule 3001(f).

The form itself states in the first question the name of the current creditor, the person or entity to be paid for this claim and the name listed was Cloud 9 Properties, LLC. This was correct. There was nothing incorrect about the Proof of Claim and Joseph Quinn Mitchell had every right to direct payment for the mortgage to Cloud 9 Properties, LLC. (At no time was it established that Joseph Quinn Mitchell did not have the authority and, to the contrary, the affidavits of record support this fact.)

The claims were each timely filed on April 28, 2021 as marked on the claim itself.

The case law clearly allows additional information, and even the filing of an amended Proof of Claim when the claim is the same which is exactly what happened in this case, the claim on the three (3) mortgages was always the same as was the amounts and the property it was a lien on. The party making the claim, Joseph Quinn Mitchell, through Cloud 9 Properties, LLC was asserting Proof of Claim 100, 101

and 102. There was no basis to disallow the secured claims which were supported and undisputed by the Debtor. The case law on claims and filing of claims and amended claims al support the enforcement of secured claims 100, 101 and 102 and there is no case law that is contrary that could be located relative to bankruptcy or federal law and the state foreclosure actions "standing cases" do not support the invalidation of a recorded mortgage/mortgage debt. (Before foreclosing in state court to completely foreclose the Borrower's interest in real property, the foreclosure must be filed by the Plaintiff who holds the note at the time of filing; this has nothing to do with the validity of the mortgage debt or payment of that debt prior to filing a foreclosure action, nor does the standing issue affect the validity of the mortgage debt on the subject property.)

## VI. THE DISTRICT COURT OPINION AFFIRMING THE BANKRUPTCY COURT WAS IN ERROR

The District Court Opinion concluded that the Appellant, Bay United Holdings, LLC, who clearly possessed the assignment of three Proofs of Claim on Official Form 410 and attaching a valid executed mortgage for each home and the balance that was owed had to prove that Cloud 9 Properties, LLC held the assignment on 04/28/21 when the Proof of Claim was filed. The District Court Opinion seems to focus on 11 U.S.C. § 502(b)(1), however, actually under 11 U.S.C. § 502(a), the Appellee, as a purchaser, did not have standing to object to the verified

mortgage and debt except to the extent it was duplicated or non-existent, and the mortgages were clearly not unenforceable on the three (3) properties as they were verified and owed. Therefore, under 11 U.S.C. § 502(b)(1), the three claims were not unenforceable against the Debtor and property of the Debtor.

The error is believing that what is required to file a foreclosure in state court against the borrower determines enforceability. It does not. And not doing the Proofs of Claim as recorded unpaid mortgages that clearly are enforceable as to the Debtor and its property.

This shows a misunderstanding about how servicers and parties who control debt for mortgages handle Proofs of Claim and other proofs that a mortgage debt is owed and the balance and who they would like it paid to. There is nothing prohibiting a servicer or Joseph Quinn Mitchell who had the authority of all entities to designate the payee and the person to make the mortgage payment to did not have to meet the requirements for filing a state court foreclosure action at the time the Proof of Claim was filed. Appellant was not seeking to foreclose anyone!

The District Court focused on whether or not the Proofs of Claim were enforceable. However, the question is whether there was a valid mortgage and debt set forth and attached to the Proof of Claim. The claim is, therefore, enforceable.

What occurred was, the misapplication of the word "enforceable." A mortgage is enforceable and so is a note if it is on the debtor's property and agreed to by the debtor and for valid consideration, all of which is true for each Proof of Claim.

Whether that entity can file a state court foreclosure action at the time of the Proof of Claim does not equate to whether or not the claim is enforceable. The claim is allowed and valid if it has a valid mortgage, debt and payoff, all of which were provided and backed up with support. There is nothing preventing a particular entity from being used as servicer by an authorized person. Here, Joseph Quinn Mitchell was clearly authorized to use any applicable entity as he was an authorized signor for all of them. This is clearly set forth and there is no dispute as to this fact.

Servicers file Proofs of Claim and provide payoffs and confirm mortgage debts on properties all the time to third parties and purchasers. There is nothing that requires all of the paperwork to be in order as though a state court foreclosure action is filed. Nor is there any law that would allow the purchaser to demand technical compliance with foreclosure filing and then claim that they received it too late to get out of paying a valid, confirmed mortgage and debt timely-filed Proof of Claim before the bar date.

The burden on summary judgment is on the moving party. In this case, the moving party did not prove or set forth any Florida law or cases that would invalidate a mortgage or mortgage debt over a standing issue. The cases only have to do with

dismissals of foreclosure actions which are without prejudice when there is a standing issue, and the mortgage and mortgage debt remain. No Florida case allows the complete invalidation of a valid mortgage for a purchaser who wants to buy property with that mortgage on it. There is no requirement about who can provide the information under oath about payment of that mortgage as long as the mortgage and debt itself is valid. (The District Court Opinion is focused on enforcement, but a Proof of Claim only has to show a valid supporting mortgage and debt by the Debtor and its property.)

Additionally, there is no bankruptcy case where a bankruptcy court has previously disallowed a secured Proof of Claim on Official Form 410 which is signed under oath and attaches a valid recorded mortgage and sets forth the balance.

The Appellees' cases do not support what the Summary Judgment or the standard that has been created by the District Court Opinion which leaves every mortgage servicer in danger of losing payment of their duly-recorded mortgage and mortgage debt, even when timely filed over a non-existent basis for objection to the Proof of Claim and attached mortgage. This Court has *de novo* review of a summary judgment, and the fact that the all of the information was provided and the mortgages and mortgage debt provided and that the official Proofs of Claim [App. 145, 156, 167] were timely filed and completed, prevents the disallowance of the mortgages and of the Proofs of Claim that were timely-filed and supported.

# CONCLUSION

The Appellant, Bay United Holdings, LLC, is entitled to a reversal of the Final Judgment Sustaining Objections to Claims 100, 101 and 102 [App. 8] and Summary Judgment [App. 138] entered in favor of purchaser, INXS VII, LLC, disallowing Claims 100, 101 and 102.

The District Court Opinion does not recognize that Florida foreclosure standing does not apply to a claim for a valid mortgage on property duly-recorded. Servicers who are authorized regularly file claims and accept payment for mortgages. The technical holding of the note is not a requirement to file a Proof of claim when it is backed up by a mortgage and a payoff and the debtor has confirmed the obligation. The Florida appellate foreclosure cases on "standing" to file a foreclosure action in state court do not support the elimination (invalidation) of the validity of a secured lien or secured mortgage debt. The Florida foreclosure cases support a dismissal for "standing" (without prejudice) when a state court mortgage foreclosure case is filed, but not invalidation of the mortgage or debt, and standing for foreclosure has nothing to do with filing a Proof of Claim for an unpaid mortgage which is a lien on each home and must be paid by the purchaser. There is also nothing to prevent the foreclosure case from being re-filed and also nothing in a "standing" argument invalidates or eliminates the mortgage lien or debt as a valid lien/secured mortgage in a Bankruptcy Proof of Claim. The Proof of

Claim/Official Form 410 (when timely filed with supporting recorded mortgages and documents) was supported with evidence later and, in this case, the support clearly established three (3) valid mortgages with Cloud 9 Properties, LLC prior to the Motion for Summary Judgment being filed 07/19/23, [App. 10] and Joseph Quinn Mitchell as the signor, asserted a valid mortgage interest which represented a lien on the three (3) properties that had to be paid under the three (3) Proofs of Claim. There is no bankruptcy case law or federal appellate case law to support disallowing the three (3) Proofs of Claim for duly-recorded secured mortgages in 100, 101 and 102 in their entirety and invalidating three (3) valid mortgages and the decision of the bankruptcy court is contrary to the bankruptcy law involving secured debts and Proofs of claim for secured mortgage debts. The Appellee, INXS VII, LLC, (purchaser) is not entitled to the windfall to eliminate the valid three (3) mortgages and debts without full payment to Bay United Holdings, LLC pursuant to the Proofs of Claim 100, 101 and 102. The Final Judgment Sustaining Objections to Claims 100, 101 and 102 [App. 8] and Order Granting Summary Judgment [App. 138] should be reversed and vacated and the claims allowed as filed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of May, 2025, I electronically filed the Appellant's Opening Brief with the Clerk of the Court by using the CM/ECF system and sent by U.S. Mail, which will send a notice of electronic filing to the following:

Patti W. Halloran, Esq.     phalloran@gibblaw.com; pwhalloran@gmail.com

> **JAWDET I. RUBAII, P.A.**
>
> */s/ Jawdet I. Rubaii*_____
> Jawdet I. Rubaii, Esq.
> Attorney for Appellant
> 1358 South Missouri Avenue
> Clearwater, FL 33756
> (727) 442-3800/Fax (727) 442-0504
> FBN-276601/SPN-116744
> rubaiilaw@gmail.com
> jrubaii@aol.com

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the brief complies with the font requirements of FRAP 32(g).

> */s/ Jawdet I. Rubaii*_____